IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEON MOSES                              :
                                        :
    v.                                  :    CIVIL NO. CCB-09-628
                                        :    Criminal No. CCB-02-0410
UNITED STATES OF AMERICA                :
                           ...o0o...

## MEMORANDUM

Federal prison inmate Keon Moses has filed a motion to vacate under 28 U.S.C. § 2255 alleging ineffective assistance of counsel in connection with his conviction and sentence on multiple charges including conspiracy to distribute 50 grams or more of cocaine base and unlawful use of a firearm causing death. The convictions and sentences, including life without parole on the three murders and the drug conspiracy, were upheld on appeal. *U.S. v. Foster*, 507 F.3d 233 (4th Cir. 2007). The government has responded to Moses's motion; despite being granted extensions of time, Moses has failed to reply. For the reasons explained below, the motion will be denied.

To establish a claim of ineffective assistance of counsel, Moses must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985); *see also U.S. v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). Moses has failed to overcome that presumption.

Moses, who faced the possibility of a death penalty, had the benefit of very experienced counsel Arcangelo Tuminelli, assisted by co-counsel Carroll McCabe. As is thoroughly explained in the government's response, counsel were not deficient as to any of the eight issues raised.

1

First, counsel challenged in several ways the significance of the letter in which Moses arguably suggested that a witness should be killed. Any perceived failure to stress the postmark on the envelope was of no consequence, particularly given the strength of the other evidence against Moses and the undoubted admissibility of the letter itself.

Second, there is no legal infirmity as to a charge of aiding and abetting an offense charged under 18 U.S.C. § 924(j); and there was ample evidence to support the jury's verdict on this count. *Foster*, 507 F.3d at 245-46.

Third, Moses's counsel did in fact challenge the existence of the drug conspiracy on which the 924(j) convictions rested, as well as the murders' connection to the drug activity.

Fourth, the *Collins* issue was raised and reviewed on appeal, *see Foster*, 507 F.3d at 249-252, and may not be revisited here.[1] Further, the Fourth Circuit determined that Moses's substantial rights were not affected in light of the life sentences properly imposed on other counts of conviction, *id.* at 251, and also noted the overwhelming evidence concerning the quantities of crack cocaine involved, *id.* at 252.

Fifth, the majority of the government's evidence was not outside the charged time frame of the indictment. As to the 1998 drug seizure, counsel did object, and fully litigate the issue, but the court decided to admit the evidence, with an appropriate limiting instruction, under Fed. R. Ev. 404(b).

Sixth, counsel is not required to submit a written memorandum in support of a motion for judgment of acquittal; an oral motion is sufficient. In any event, there was no basis to grant such a motion, as there was ample evidence both to present the counts to the jury and to uphold the guilty verdicts on those counts.

Seventh, concurrent life sentences were warranted on the separate offenses charged in

---

[1] *U.S. v. Collins*, 415 F.3d 304 (4th Cir. 2005).

counts one, three, four, and six.  The applicability of a consecutive sentence on count five, brought under 18 U.S.C. § 924(c), despite the longer minimum mandatory sentence being applicable on other counts, has been upheld by the Fourth Circuit.  *See U.S. v. Studifin*, 240 F.3d 415, 419 (4th Cir. 2001).  Although it is now under review at the Supreme Court, *see U.S. v. Abbott*, 574 F.3d 203 (3rd Cir. 2009), *cert. granted*, 130 S.Ct. 1284 (2010), counsel cannot be found ineffective for failing to raise the issue on appeal in this case before there has even been a ruling by the Supreme Court.[2]

Finally, counsel was not ineffective for failing to raise a non-meritorious claim of double jeopardy as to counts three, four, and five.  *See, e.g., U.S. v. Alvarado*, 440 F.3d 191, 196 (4th Cir. 2006).

No certificate of appealability is warranted under 28 U.S.C. § 2253(c)(2) on any of the issues raised by Moses.

A separate Order follows.

October 7, 2010  
Date

/s/  
Catherine C. Blake  
United States District Judge

---

[2] It is not clear whether a consecutive sentence on count five would constitute prejudice in any event, given the sentence on count one of life without the possibility of release.